**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICHIP CORPORATION,

    Plaintiff,

    v.

TSU-CHANG LEE,

    Defendant.
_____/

No. C 04-2914 PJH

**ORDER RE SUPPLEMENTAL BRIEFING ON DEFENDANT'S MOTION TO AMEND**

Before this court is defendant's supplemental letter brief seeking leave to add Hsi-Sheng Chen as a counterclaim defendant. Plaintiff has filed an opposition. On April 18, 2005, the court granted defendant Lee leave to add ViChip Taiwan as a counterclaim defendant. At the subsequent case management conference, the parties requested and were granted leave to file supplemental briefs to clarify their respective positions on whether the court should permit an amendment to Lee's counterclaims adding Chen as a counterclaim defendant on his intentional interference with contract and economic advantage claim. Having read the papers and carefully considered the relevant legal authority, the court hereby DENIES the request, for the reasons that follow.[1]

As discussed in the court's previous order, Fed. R. Civ. P. 15(a) requires that a plaintiff obtain either consent or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires." See, e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"). Leave to amend is thus ordinarily permitted unless the amendment is futile, untimely, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad

---

[1] Pursuant to Civ. L. R. 7-13, this order shall not be cited except as provided by Civ. L. R. 3-4(e).

1 faith or with a dilatory motive.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987); Foman v. Davis, 371 U.S. 178, 182 (1962).

Lee's counterclaim states that Chen "intentionally and without justification terminated Dr. Lee from certain of his management positions and duties at ViChip and ViChip California . . . in order to gain ownership of Dr. Lee's valuable intellectual property . . ."  Counterclaim ¶ 68.  However, there are no factual allegations in the counterclaim that Chen had any involvement in the decision to terminate Dr. Lee.  See, e.g., Counterclaim ¶ 17 (only allegation concerning Chen's actions, stating that Chen suggested hiring NeoParadigm engineers as consultants to ViChip); ¶¶ 24-27 (detailing the circumstances of Lee's firing, without naming or alluding to Chen).  ViChip is correct that it appears that Lee simply added Chen's name to its claims against ViChip for intentional interference without any factual support for the claim.

Therefore, there are no facts alleged that support a claim for intentional interference with contract or economic advantage.  These claims require Lee to allege, among other things, facts showing that Chen deliberately acted to disrupt either a contractual relationship or prospective economic advantage of Lee's.  See, e.g., Pacific Gas & Electric Co. v. Bear Stearns & Co., 50 Cal.3d 1118, 1126 (1990) (intentional interference with contract); Della Penna v. Toyota Motor Sales, U.S.A., 11 Cal.4th 376, 380 n. 1 (1995) (intentional interference with economic advantage).  Because the counterclaims contain no information about any actions taken specifically by Chen other than through ViChip as a board member, Lee cannot state a claim against Chen as a matter of law, and the motion to amend is thus futile.  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

The motion to amend Lee's proposed counterclaims to add Chen as a counterclaim defendant is DENIED.  Lee's counterclaims must be filed no later than 10 days after the filing of this order.

**IT IS SO ORDERED.**

Dated: May 9, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge

2